Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
### District of Massachusetts

FILED IN CLERKS OFFICE
2020 JUN 18 PM 2: 38
U.S. DISTRICT COURT
DISTRICT OF MASS.

Stephen Stoute
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Indira Talwani
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

) Case No. _____
)      (to be filled in by the Clerk's Office)
)
)
) Jury Trial: (check one)  [X] Yes  [ ] No
)
)
)
)
)
)
)
)
)
)
)

U.S. DISTRICT COURT DISTRICT OF MASS. 2020 JUN 18 PM 2: 39 FILED IN CLERKS OFFICE

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Stephen Stoute |
   | Street Address | 47 Orange Street |
   | City and County | Chelsea |
   | State and Zip Code | Massachusetts 02150 |
   | Telephone Number | |
   | E-mail Address | sjstoute@gmail.com |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
- Name: Indira Talwani
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 2
- Name: Marianne Bowler
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 3
- Name: Lisa Belpedio
- Job or Title (if known):
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 4
- Name: Jack Ramondi
- Job or Title (if known): employee of Navient
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address (if known):

Defendant No. 5    Navient

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C Section 1983, 1981, 1988
1st Amendment right
4th and 14th Amendment right

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual
    The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

    b. If the plaintiff is a corporation
    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
    The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

*Please see the complaint that came with this form*

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*$ 8,600,000 in economic, compensatory, consequential, punitive and special damages*

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6/18/2020

Signature of Plaintiff: *[signature]*
Printed Name of Plaintiff: Stephen Stoute

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Street Address _____
State and Zip Code _____
Telephone Number _____
E-mail Address _____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No.

Stephen Stoute

Plaintiff,

v.

Indira Talwani

Marianne Bowler

Lisa Belpedio

Jack Ramondi

Navient

## CIVIL RIGHTS COMPLAINT

Plaintiff Stephen Stoute complains against Defendants as follows:

### INTRODUCTION

1. This is an action brought by Stephen Stoute, an African American, to vindicate profound deprivation of his constitutional rights

2. On or around April 4, 2019, Plaintiff began challenging an alleged debt with Navient.

3. Navient took adverse action against the Plaintiff.

4. Plaintiff continued to question and challenge the alleged debt.

5. Navient continued more adverse actions against the Plaintiff

6. Indira Talwani doing business as judge for the district of massachusett federal court house aided and abetted the Defendant Navient to deprive the Plaintiff of his Federal and Consitutional Rights.

7. Marianne B Bowler doing business as judge for the District of Massachusetts Federal Court house aided and abetted the Defendant Navient to deprive the Plaintiff of his Federal and

7. Marianne B Bowler doing business as judge for the District of Massachusetts Federal Court house aided and abetted the Defendant Navient to deprive the Plaintiff of his Federal and Constitutional Rights.

8. Lisa Belpedio doing business as clerk for the District of Massachusetts Federal Court Worcester area aided and abetted the Defendant Navient to deprive the Plaintiff of his Federal and Constitutional Rights.

## JURISDICTION, VENUE, AND NOTICE

9 This action arises under the constitution and laws of the United States, including Article 3, section 1 of the United States Constitution and is brought pursuant to 42 U.S.C section 1981, 1983 and 42 U.S.C section 1988. The Jurisdiction of this court is invoked pursuant to 28 U.S.C section 1331, 1343 and 2201.

10 this case is instituted in the United States District Court for the District of Massachusetts pursuant to 28 U.S.C Section 1341 as the judicial district in which all relevant events and omissions occurred.

## PARTIES

11 At all times relevant hereto, Plaintiff Stephen Stoute was a resident of the State of Massachusetts and a citizen of the United States of America.

12 At all times relevant hereto, Defendant Indira Talwani was a citizen of the United States and a resident of Massachusetts. Indira Talwani is sued officially and Individually.

13 At all times relevant hereto, Defendant Marianne B Bowler was a citizen of the United States and a resident of Massachusetts. Marianne B Bowler is used Officially and Individually

14 At all times relevant hereto, Defendant Ramondi was a citizen of the United States and a resident of the State of Pennsyvania and was employed by Defendant Navient. Defendant Ramondi si sued individually.

15 Defendant Navient is a Pennsyvania based corporation and is the legal entity responsible for itself. This Defendant is also the employer of the individual Defendant Ramondi and is a proper entity to be sued under 42 U.S.C section 1983.

16 As the Ceo of Navient, Defendant Ramondi both Exercised and delegated his final decision making power to others.

17 Defendant Navient and Defendant Ramondi are properly sued directly under 42 U.S.C section 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

18 The Defendant Navient is also properly sued under 42 U.S.C section 1983 for the Challenged delegated final decision of Defendant Ramondi, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habit, customs, usages and practices.

## STATEMENT OF FACTS

19 Plaintiff incorporates all of the proceeding paragraphs, including the allegations in the Introduction, as if they were fully set forth again at this point.

19. At the time of the complained of events, Plaintiff was on a Forbearance program with the Defendant.

20. The agreement wass that the Plaintiff wouldn't pay anything on the alleged debt.

21. The agreement was that the alleged debt would be satisfied.

22. The agreement did the agreement, while he worked on finding out the details of the alleged debt.

23. On or around April 4, 2019 the Plaintiff contacted Defendant Navient to learn about the alleged debt.

24. The only information the Defendant Navient would supply to Plaintiff is the amount of the alleged debt.

25. Plaintiff contacted the Defendant Navient again to learn about the details of the alleged debt.

26. Plaintiff questioned the Defendant Navient if they had the legal authority to collect on the alleged debt.

27. These Questions were consitutionally protected speech under the First Amendment to the United States Constitution.

28. The Defendant Navient became irate at this questioning of their legal authority by an Arican American Male.

29. Shortly after this contact with the Defendant Navient, Plaintiff receiveda notification from the credit reporting agency that a negative item had been entered against Mr Stoute.

30. The negative item was "late Payment" and "late past dies" on the alleged debt.

31. Defendant Navient did this to fabricate and plant evidence, knowing it to be false and that it would be broadcast over the credit report to negatively impact the Plaintiff by lowering his credit score and credit worthy standings.

32. Plaintiff contacted Navient to get information on who to contact for the matter concerning the alleged debt.

33. Plaintiff was told to contact Jack Ramondi and was provided an address by Defendant Navient.

34. Plaintiff sent the Defendant Jack Ramondi and Navient a series of legal questions regarding the alleged accounts and alleged debt.

35. These legal questions was sent to Defendant Navient as an affidavit.

36. The affidavit was notarized and mailed to the Defendant Jack Ramondi and Navient using U.S. Postal service certified mail.

37. Niether Navient nor Ramondi repsonded to the affidavit.

38. Plaintiff waited two weeks and did't receive any response from the Defendants.

39. Mr Stoute mailed out an Affidavit to with an opportunity to cure, along with the legal questions regarding the alleged accounts and alleged debts.

40. These affidavits were each notarized and then mailed to the Defendants via U.S.Postal service certified mail.

41. The Palintiff sent these affidavits in the event that the Defendants nonresponse was due to reasonable neglect, mistake or impossibility.

42. Neither Navient nor Ramondi responded to these affidavits.

43. Through the Defendants nonresponse they dishonored Mr Stoute and the Notary Public, and as such defaulted.

44. As a result of defaulting on these affidavits which became contract in law, Defendant Navient could no longer contact Plaintiff regarding the alleged debt.

45. Defendant Navient also was required to remove these alleged debts and alleged accounts from Mr Stoutes credit reports.

46. Defendant Navient continued to report these alleged accounts to the credit reporting agencies.

47. These alleged accounts continued to bring down Mr Stoutes credit score.

48. Even though the alleged debt wass disputed in contract, Navient continued to sent letters to Mr Stoutes address to extort money from him.

49. Even though the alleged debt was disputed in contract, Navient continued to send email to the Plaintiff to extort money from him.

50. Navient was unsuccessful with these schemes so they went ahead and reported to the credit reporting agencies 'late payents' and 'late past due on accounts' to terrorize Mr Stoute.

51. Navient did this to coerce Mr Stoute back into their forbearance program.

52. Defendant Navient did this to fabricate and plant evidence, knowing it to be false and that it would be broadcast over the credit reports to the public to negatively impact the Plaintiff.

53. Even in the present, Defendant Navient continues to make false reports to the credit reporting agecies of 'late payment' and 'late past dues on accounts'.

54. Navient conitnues to send Plaintiff mail threatening to extort money from him.

55. Navient continues to send Plaintiff email threatening to extort money forrn him.

56. Navient continues to attempt to coerce the plaintiff back into their forbearance program.

57. All of the above described acts were done by the Defendants intentionally, knowingly, willfully, wantonly, maliciously and/or recklessly in disregard for Mr Stoute's federally protected rights, and were done pursuant to the preexisting and ongoing deliberately indifferent custom, practice, decision, policy of the Defendant Navient and Defendant Ramondi.

58. With deliberate indifference to the rights of citizens to be free from retaliation for exercising their First Amendment rights, Defendant Navient and Defendant Ramondi have ongoing encouraged, tolerated, ratified, and acquiesced to a dangerous environment of retaliation to the exercise of such rights by:

    a. failing to conduct sufficient training or supervisio with respect to the protected speech rights of citizens to question legality and actions of Navient without retaliation;

    b. by tolerating the use of retaliation based on protected speech.

59. As a direct and proximate result of the wrongful conduct of each of the Defendants, Plaintiff has been substantially injured. These injuries include but are not limited to, loss of constitutional and federal rights, emotional distress, and/ or aggravation of pre-existing conditions, and ongoing special damages caused by the unconstitutional and moving forces concerted conduct of all these Defendants.

60. Plaintiff also continues to suffer ongoing emotional distress, including sadness, anxiety, stress, anger, depression and frustration.

61 . The Plaintiff filed case# 20 -cv - 10658 in the District Court For Massachusetts.

62. The Plaintiff filed the complaint in the Boston Federal Court House as he lives in the Eastern part of the State of Massachusetts.

63. . The Plaintiff filed the Complaint in the Boston Federal Court House as all of the actions in

the case took place where he lives.

64. The Plaintiff requested I trial by Jury for case# 20 -cv -10658.

65. On or around May 28, 2020, the Plaintiff received a letter from the letter from the clerk for the Worchester Federal Court house stating that there was a reassignment of the Judge from Worchester to a judge by the name of Indira Talwani for case 20 -cv -10658

66. The Plaintiff Couldn't understand why I judge in Worchester Federal Court house would be assigned a case that was never filed in that court and for which all relevant action or omissions to place.

67. Upon research it was found that Judge Indira Talwani was the judge of case # 19 -11362 -IT.

68. 22 CFR 92.12 - 92.31 FR heading "Foreign Relationship" States that an oath is required to take office.

69. . Title 8 U.S.C 1481 states once an oath of office is taken citizenship is relinquished, thus you become a foreign entity, agency, or state. That means every public office is a foreign state, including any political subdivision.

70. . Title 22 U.S.C ( Foreign Relations and Intercourse) Chapter 11 identifies all public officials as foreign agents.

71. Foreign Agents Registration Act of 1938, as amended, 22 U.S.C section 611 provides that:

> 22 U.S.C section 611 - definitions
>
> (a) The term "person" includes an individual, partnership, association, corporation, organization, or any other combination of individuals;
>
> (b) the term "foreign Principal" includes
>
> (1) a government of a foreign country and a foreign political party;

72.     22 U.S.C section 611 - definitions provides that:

(c) expect[1] as provided in subsection(d) of this section, the term "agent of a foreign principal" means -(1) any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed , or subsidized in whole or in major part by a foreign principal, and who directly or through any other person

> (i) engages within the United States in political activities for or in the interest of such foreign principal;

(iv) within the United States <u>represents the interest of such foreign principal before any agency or official of the Government of the United States</u>; and

(2) any person who <u>agrees</u>, consents, assumes or purports to acts or who is or holds himself out to be , wether or not pursuant to contractual relationship, an agent of a foreign principal as defined in clause(1) of this subsection.

73. . Privacy act statement: filing of this document is <u>required</u> for the Foreign Agent registration act of 1938, as amended, 22 U.S.C Section 611 et seq; for the purposes of registration under the act and <u>public disclosure.</u> Provisions of the information requested is <u>mandatory</u> and failure to provide the information is subject to the penalty and enforcement provisions established in section 8 of the act. every registration statement, exhibit, amendment, copy of informational materials or other document or information filed with the Attorney General under this act is a public record open to public examination, etc ....

74. the Plaintiff demanded to see copies of the Foreign Agent Registration of Agents Indira Talwani doing business as an alleged Federal Judge.

75. The request was also made with the Department of Justice National Security Division.

76. Indira Talwani never provided the copy of her oath of office, her foreign agent registration and her anti-bribery statement to the Plaintiff.

77. United States Supreme Court RABINWITZ V. KENNEDY,(1964) No.287 Argued March 2, 1964 and decided March 20, 1964.

78. In that case 'we hold for the reasons stated below, that the foreign agent registration act plainly and unquestionably requires petitioners to register.'

79. . In the same case the United States Supreme Court ruled and concluded 'We conclude, there, that petitioners, <u>attorneys</u> representing a <u>foreign government in legal matters including litigation, are not exempt from registering under the Foreign Agent Registration Act.</u>'

80. regardless of who initiated the contract, if the public official(s)/ agent(s) of foreign principal(s) fail to perform their duties, and/or insist on contracting without providing the documents (foreign agent registration, irs form w -9 under 22 U.S.C section 615, anti-bribery statement) said public official(s) / agent(s) agrees that jurisdiction has not been properly established; hence, agrees that said public official(s) / agent(s) will be in violation of the FCPA (foreign corruption practice act) and any other violations deemed suitable.

81. That meant that all previous rulings made by Judge talwani were null and void, including her ruling on case # 19 -11362 -IT.

82. . If the Court proceeds once Judges qualification is challenged( not providing foreign agent registration, oath of office and anti-bribery statement IRS W - 9, etc), it would be proceeding

without judicial immunity, therefore opening itself up to a civil law suit and a criminal offense under federal law.

83. This means that the judge and everyone associated with this fraud can be sued as perpetrators to a fraud; the officer(s) for chaperty, the judge for lack of jurisdiction and all of them for conspiracy to fraudulently conceal the true nature and cause of accusation.

84. In case #19 -11362-IT the Plaintiff resolved an alleged debt using an administrative process with a notary public as witness.

85. **Code of Conduct for the United States Judges** provides that

> Canon 1 : A judge should uphold the integrity and Independance of the Judiciary

> Canon2: A Judge should avoid Impropriety and the Appearance of Impropriety in ALL Activities.

> Canon 3: A Judge Should Perform the Duties of the Office Impartially and Diligently.

> Canon 4: A Judge May Engage in Extra - judicial Activities to Improve the Law, the Legal System, and the Admiistration of Justice.

> **Canon 5**: A Judge Should Regulate Extra -Judicial Activities to minimize the risk of conflict with Judicial Duties.

> **Canon 6**: A judge should regularly file reports of compensation received for law related and extra -judicial activities

> **Canon 7**: A judge should refrain from political activity

86. By not responding to the Affidavits of mailing that the Plaintiff served upon Navient, Navient defaulted and agreed to the allegations. In essence the Affidavits and notice of default and opportunity to cure became Contract in law.

87. The Judge, in this case Indira Talwani was suppose to be an unbiased orbiter in a dispute between two opposing parties and the burden of proof is on he who is served, not he who denies.

88. . The Plaintiff in that case was bringing a contract before the Court to be enforced. there was nothing to decide.

89. . Rather than be an unbiased and impartial orbiter, Judge Indira Talwani conducted herself as though she was defending the defendant Navient.

90. Reassigning the case to Worchester Federal Court and then Indira Talwani was a deliberate attempt to prevent the case from being heard and decided upon by a jury and with new allegations and findings too.

91. Judge Talwani, Judge Marianne Bowler and Clerk Lisa Belpedio aided and abetted the Defendants of case 19 - 11362 - IT and 20 - cv -10658 and obstructed justice. They also committed mail fraud by depriving the Plaintiff of Honest service.

92. Plaintiff is entitled to punitive damages on all of his claims against the Defendants to redress their willful, malicious, wanton, reckless and fraudulent conduct.

### FIRST CLAIM FOR RELIEF

42 U.S.C section 1983 - racial discrimination in violation of the equal protection clause of the Fourteenth Amendment and 42 U.S.C section 1981( against Defendant Ramondi, Talwani, Bower, Belpedio and Navient)

93. Plaintiff hereby incoporates all other paragraphs of this complaint as if fully set forth herein.

94. 42 U.S.C section 183 provides that:

Every person, who under color of any statue, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress...

95. Plaintiff in this action is a citizen of the United States and all of the Defendants to this claim are persons for purposes of 42 U.S.C section 1983.

96. All Defendants to this claim, at all times relevant hereto, were acting under the color of law and their acts or omissions were conducted within the scope of their duties or employment.

97. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination at law by the Defendant to this claim and to enjoy the equal protection of the laws.

98. Title 42 U.S.C section 1981 provides that, in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to <u>make and enforce contracts</u>, <u>to sue</u>, be parties, <u>give evidence</u>, and to the <u>full and equal benefit of all laws</u> and proceedings for the security of persons and property as enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, exactions of every kind, and to no other.

99. Plaintiff as an African American is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C section 1981 to be free from racially motivated filing of false charges.

100. Any reasonable officer/agent for navient knew or should have known of these rights at the

time of the complained of conduct as they were clearly established at that time.

101. Any reasonable officer/ agent of the Federal Courts knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

102. Plaintiff's race was a substantial motivating factor in the decision to use coercive force by maliciously prosecuting Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving the Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and Section 1981.

103. Defendants engaged in the conduct described by this complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr Stoute's federally protected rights.

104. The acts or omissions of all Defendants were moving forces behind the Plaintiff's injuries.

105. These Defendants acted in concert and joint action with each other.

106. The act or omissions of the Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

107. Defendants are not entitled to qualified immunity for the complained of conduct.

108. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. Plaintiff continues to incur other special damages related expenses.

109. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C section 1988, pre judgement interest and costs as allowable by federal law. there may also be special damages for lien interests.

110. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against the Defendants under 42 U.S.C section 1983, in that the actions of each Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of the Plaintiff.