UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN STOUTE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   1:20-cv-11160-NT |
| | ) |
| JUDGE INDIRA TALWANI, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to assert federal claims arising from the district court's management and disposition of a claim Plaintiff previously filed in the court. (Complaint, ECF No. 1.) Defendant has named as defendants two judges, a court clerk, and counsel for the defendants, and an individual who was evidently involved in the prior action.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 12.)   In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action.  When a party is proceeding in forma pauperis, however, "the court shall dismiss

the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff contends that the trial court and other participants in the prior action violated the Equal Protection Clause of the Fourteenth Amendment during the management and disposition of the prior action. Plaintiff essentially challenges the trial court's decision in the prior action.

The preclusive effect of a federal-court judgment is governed by the federal common law principles of res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 891–92 (2008).

The doctrine of issue preclusion prevents "a party from relitigating an issue actually decided in a prior case and necessary to the judgment." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1594 (2020). The doctrine of claim preclusion prevents parties raising the same claim from relitigating "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Id.* (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

Because Petitioner had a full opportunity in the previous district court proceeding and on appeal to present the arguments and defenses to the judgment that he raises here, he is barred from collaterally attacking the first judgment through a subsequent lawsuit. *See Hughes v. McMenamon*, 379 F. Supp. 2d 75, 79 (D. Mass. 2005) (dismissing claims on res judicata grounds because "[t]he claims involving the alleged bias of [the Magistrate Judge] and denial of due process were or could have been raised in the First and Second Cases"); *Patterson v. Omnipoint Commc'ns, Inc.,* 23 F. App'x 17, 18 (1st Cir. 2001) (affirming dismissal because "[a] prior federal decree commanded the issuance of the permit; a suit to enjoin the local board from carrying through with the prior decree was nothing more than a collateral attack on the decree"); *Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995) (res judicata does not prohibit direct attacks on a judgment, but "the very grounds on which she claims fraud upon the court—the government's alleged misrepresentation and misconduct—were raised or should have been raised . . . during the pendency of the earlier case . . . whether prior to judgment or afterwards" (quotation omitted); *Tonti v. Petropoulous*, 656 F.2d 212, 217 (6th Cir. 1981) (upholding dismissal of judicial

3

misconduct claim because prior challenge and appeal were unsuccessful and that issue was now res judicata); *see also*; *Harrington v. Delta Air Lines, Inc.*, No. CIV.A. 04-12558-NMG, 2006 WL 1581752, at \*6 (D. Mass. Feb. 21, 2006) ("Where a particular claim would be barred pursuant to the principles of res judicata or collateral estoppel, for example, sua sponte dismissal may be warranted").

To the extent Plaintiff attempts to assert a separate claim that does not challenge the trial court's decision in the prior action, Plaintiff's claim also fails. The Fourteenth Amendment, by its terms, applies to state action. However, "the Due Process Clause of the Fifth Amendment is treated as containing an equal protection component that binds the federal government in the same way that the Equal Protection Clause [of the Fourteenth Amendment] binds the states." *Gonzales-Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247 n.2 (1st Cir. 2012). Courts thus assess an equal protection claim under the Fifth Amendment as they assess a claim under the Fourteenth Amendment. *See Carrasco v. Sec'y of HEW*, 628 F.2d 624, 628 n.5 (1st Cir. 1980).

Here, Plaintiff has failed to allege facts that would support an equal protection claim. Instead, Plaintiff's complaint consists of "conclusory allegations that merely parrot the relevant legal standard" and thus are not actionable. *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

Plaintiff's claim against the two judges is also barred by the doctrine of judicial immunity. "Judges have absolute immunity … because of the special nature of their responsibilities." *Butz v. Economou*, 438 U.S. 478, 511 (1978). The "absolute" nature of judicial immunity is reflected in the Supreme Court's explanation that judicial immunity

is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Even "grave procedural errors" are not enough to support a claim against a judge. *Stump v. Sparkman,* 435 U.S. 349, 359, (1978)). Whether judicial immunity exists is determined by the nature of the act complained of, rather than the simple fact that the defendant is a judge. *Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches"). Relevant to this case is the principle that judicial immunity serves, primarily, "as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." *Id.* at 225. Additionally, judicial immunity serves to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Id.* Where a litigant seeks to hold a judge liable based on the judge's prior rulings and determinations, therefore, judicial immunity will bar the suit. For similar reasons, Plaintiff's claim against the court clerk is barred by the doctrine of "quasi-absolute judicial immunity." *Andre v. Moriarity*, No. 11-40009-FDS, 2011 WL 1456773, at *7 (D. Mass. Apr. 4, 2011).

## CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint. In addition, because Plaintiff has filed three other baseless cases for which dismissal is warranted (*Stoute v. Young*, et al., No. 1:20-cv-11226-NT, *Stoute v. Young*, et al., 1:20-cv-11195-NT, and *Stoute v. Talwani*, et al., No. 1:20-cv-11339-NT), I also recommend the Court issue an

order informing Plaintiff that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of October, 2020.